IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

KIRK PENNINGTON,                                                              PETITIONER

v.                                                                            No. 3:13CR117-SA

UNITED STATES OF AMERICA                                                      RESPONDENTS

MEMORANDUM OPINION

This matter comes before the court on the motion of Kirk Pennington to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be dismissed both on the merits and as procedurally barred.

*Habeas Corpus Relief Under 28 U.S.C. § 2255*

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as

> the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id.*

*Section 2255 Proceedings*

Section 28 U.S.C. § 2255 permits an inmate serving a sentence after conviction of a federal crime "to move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of *habeas corpus*, *see* 28 U.S.C. §§ 2241, 2254, a § 2255 motion sets forth only four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Thus, a prisoner must claim either a constitutional violation or want of subject matter jurisdiction to invoke 28 U.S.C. § 2255. In the absence of constitutional or jurisdictional defects, a federal prisoner may invoke § 2255 only if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then require the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings,* Rules 6–7.

After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must decide whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings,* Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, the court need not hold an evidentiary hearing if the prisoner fails to produce "independent indicia of the likely merit of [his] allegations." *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke,* 350 F.3d 461, 472 (5th Cir. 2003). For other errors at the trial court level, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson,* 507 U.S. 619, 637 (1993); *see also United States v. Chavez,* 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht's* harmless error standard in a § 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

*Facts and Procedural Posture*

Kirk Pennington pled guilty to the charge of failure to register as a sex offender, in violation of the Federal Sex Offender Registration and Notification Act. *See* 18 U.S.C. § 2250(a). Based upon the factual basis for his guilty plea, he was convicted for aggravated criminal sexual abuse

in 1994 and for "fondling" in 2008. On May 15, 2013, before Mr. Pennington was released from the Mississippi Department of Corrections, he signed a Mississippi Convicted Sex Offender's Duty to Register form indicating that he would be residing on County Road 2359 in New Albany, Mississippi. On June 9, 2013, Mr. Pennington was released from the Mississippi Department of Corrections, but failed to report to the Mississippi Department of Public Safety to register as a sex offender. In addition, he did not report to the Mississippi Department of Corrections Probation and Parole Officer. On July 12, 2013, the U.S. Marshals Service arrested Mr. Pennington in Memphis, Tennessee. When questioned by a marshal, he stated that church members had reneged on their promise to find him a place to live in New Albany, Mississippi. He said he then traveled to Memphis, Tennessee, where he stayed at a hotel, at a hospital, and with friends, before he was apprehended. He told them that he did not attempt to register as a sex offender in Tennessee.

Several weeks before Mr. Pennington's sentencing, the court notified the parties that it was considering an upward variance from the Guidelines range of 33 to 41 months, even though the government had not moved for one. At sentencing, the district court gave Mr. Pennington, the prosecutor, and defense counsel an opportunity to speak. Defense counsel emphasized that when Mr. Pennington was released from prison, he had "no money," "no family," "no friends," and "nowhere to go." Defense counsel also stressed that Mr. Pennington had a history of mental illness, as well as a low level of education. Counsel requested a sentence within the Guidelines range.

The court recognized Mr. Pennington's "lack of resources," but held that an upward variance was appropriate based on the sentencing factors listed in 18 U.S.C. § 3553(a), including, *inter alia*, "the nature and circumstances of the offense," "the history and characteristics of the defendant," the need "to protect the public," and the need "to afford adequate deterrence to

criminal conduct." The court noted that Mr. Pennington had two prior convictions for sex offenses, seven prior convictions for failure to register as a sex offender, and numerous probation violations. The court found that Mr. Pennington's "conduct is the kind that puts the community at risk, especially in this case, puts the children at risk" and imposed a sentence of 84 months with 5 years' post-release supervision. Docs. 30, 35.

The court also imposed several special conditions of supervised release. Condition Eight, the one at issue in the present case, prohibited Mr. Pennington from "engag[ing] in a relationship or cohabit[ing] with any individual who has children under the age of 18 unless approved by the probation officer . . .." In explaining its decision to impose these conditions, the court noted first that Mr. Pennington had been convicted of aggravated criminal sexual abuse that occurred in 1994, when he was 20 years old. Given the elements of that crime, the victim must have been between 13 and 15 years old. The court added, "of even greater concern is the court's understanding of the Union County conviction" for "fondling a child," when Mr. Pennington was 33 years old. The court noted:

> [a]ccording to the offen[s]e report in that case, Case No. 8MO-017, the victim in that case was a six-year-old child. The circumstances was this child being a child of the woman you were dating or engaged in some relationship with.
>
> And for that reason, the court finds that these conditions are not only merited but necessary in order to protect society, particularly protect victims such as these children.

Doc. 35.

Mr. Pennington's counsel objected to the reasonableness of the sentence, citing his previous arguments for a within-Guidelines sentence, including Mr. Pennington's history of mental illness and homelessness. Counsel also argued that the special conditions were not "reasonably related to Mr. Pennington's history and this offense in representing a greater

deprivation of liberty than reasonably necessary for sentencing purposes." With respect to the 2008 conviction for fondling a child, defense counsel stated that he "was not aware that the victim was six years of age or involved a person that Mr. Pennington was in a relationship with." He added, "we would object to that aspect of it as . . . being something that we were not prepared to address and not being in the record." Counsel further objected to Condition Eight on the ground that it would apply to Mr. Pennington's own daughter if she decided to have a child. In addition, defense counsel argued, "a person of reasonable intelligence who has . . . common sense, minds like that could differ as to what would be a violation" of Condition Eight. The court overruled these objections, holding that Condition Eight "is warranted, particularly in the circumstances of the Union County case where we know that child was six years of age and was the child of a girlfriend."

Mr. Pennington also appealed to the Fifth Circuit Court of Appeals on the precise issues raised in his § 2255 motion, namely Condition Eight," *United States v. Pennington*, 606 Fed.Appx. 216, 222 (rejecting challenge to "condition eight") and reasonableness of the upward variance, *id*., at 223-24. The Fifth Circuit heard and rejected these arguments and affirmed the sentence imposed.

Mr. Pennington then filed a motion to vacate sentence under 28 U.S.C. § 2255, in which he presents the following claims for relief:

(1) The sentencing court imposed an upward variance without providing proper notice to defense counsel;

(2) The length of the sentence imposed violates the Eighth Amendment prohibition against cruel and unusual punishment; and

(3) Condition Eight (a prohibition against dating or cohabiting with women who have minor children) was unnecessary and also violates the Eighth Amendment prohibition against cruel and unusual punishment.[1]

*The Doctrines of Procedural Default and Procedural Bar*

A defendant may not raise issues in his § 2255 motion, other than ineffective assistance of counsel, that he could have raised on direct appeal. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). This doctrine is known as *procedural default.* Similarly, if an inmate has raised an issue on direct appeal, and the Fifth Circuit decided he issue against him, the court may not consider them on collateral review: "[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). This doctrine is known as *procedural bar*.

*Cause and Prejudice – and Fundamental Miscarriage of Justice –
As Ways to Overcome Procedural Bar*

Whether a § 2255 movant's claims are procedurally defaulted or procedurally barred, the way he may overcome these barriers is the same. First, he can overcome the procedural default or bar by showing cause for it – and actual prejudice from its application. To show cause, a petitioner must prove that an external impediment (one that could not be attributed to him) existed to prevent him from raising and discussing the claims as grounds for relief on direct appeal. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993) (in the § 2254 context).[2] To establish prejudice, a movant must show that, but for the

---

[1] Mr. Pennington raised the challenge to Condition Eight as part of his overarching ground alleging a violation of the Eighth Amendment.

[2] The doctrines of procedural default and procedural bar operate in a similar manner, whether during a collateral challenge to a state conviction under 28 U.S.C. § 2254, or to a federal conviction under 28 U.S.C. § 2255:

> The procedural default doctrine applies to state prisoners seeking relief under 28 U.S.C.A. § 2254 and federal prisoners seeking relief under 28 U.S.C.A. § 2255.

§ 24:3. General principles, Postconviction Remedies § 24:3. Thus, the court will cite authority in both contexts on this issue.

alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003). Even if a movant fails to establish cause for his default and prejudice from its application, he may still overcome a procedural default or bar by showing that application of the bar would result in a fundamental miscarriage of justice. To show that such a miscarriage of justice would occur, a petitioner must prove that, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). Further, he must support his allegations with new, reliable evidence – that was not presented at trial – and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted).

*Notice of the Court's Intent to Impose an Upward Variance*

In the instant case, Mr. Pennington pursued each of these grounds for relief in the Fifth Circuit Court of Appeals, and that court rejected them. As to the first ground for relief, Mr. Pennington's contention that counsel did not receive notice that the sentencing court intended to impose an upward variance is contradicted in the record. As the Fifth Circuit held:

> [T]he PSR and Pennington's own knowledge of his prior case gave defense counsel adequate notice of the facts on which the district court relied in imposing condition eight. The PSR stated that Pennington had been convicted of "[f]ondling a [c]hild," and noted that "[a]ccording to the Indictment, between February 15, 2008, and February 16, 2008, the defendant touched and rubbed his hands and/or other parts of his body on the vagina of A.B., a female under the age of 14." The PSR did not state two facts, contained in the offense report, which the district court cited at sentencing: the exact age of the child (six), and the fact that Pennington was "dating or engaged in some relationship with" the child's mother when he committed the crime.
>
> Nevertheless, the fact that the child was six, and not another age "under . . . 14," as stated in the PSR, did not affect condition eight, which applies to all children under age 18. Although condition eight was based on information, omitted from the PSR, that the child's mother was Pennington's "girlfriend," Pennington had actual knowledge of that

fact.[3] Given the expectation of communication between lawyer and client, above all when a sentencing court informs the parties of its intention to impose a non-heartland Guidelines sentence, Pennington's counsel had adequate notice to meaningfully respond to the district court's reference to facts in the 2008 offense report. We further note that the district court gave defense counsel an opportunity to comment "[a]t sentencing" on the factual basis for condition eight, Fed. R. Crim. P. 32(i)(1)(C), and that defense counsel did not request a continuance to further prepare a response. *Cf. Irizarry v. United States*, 553 U.S. 708, 715–16 (noting, in the context of an upward variance from the Guidelines, that where "the factual basis for a particular sentence . . . come[s] as a surprise to a defendant or the Government," the "appropriate response" is "for a district judge to consider granting a continuance when a party has a legitimate basis for claiming that the surprise was prejudicial").

*Pennington*, 606 Fed.Appx. at 220-21. Thus, the Fifth Circuit held that Mr. Pennington had adequate notice of the reasons for the upward variance imposed by the sentencing court. This ground for relief is without substantive merit and procedurally barred.

*Propriety of the Length of Mr. Pennington's Sentence*

Mr. Pennington claims that he has suffered "cruel and unusual punishment" in that:

the Honorable Judge Aycock only [considered] the aggravating circumstances, instead [of] taking into consideration the [mitigating circumstances]. The record will reflect that by the sentence imposed upon Petitioner. Petitioner's guideline range was 33-41 months and the Honorable Aycock imposed a sentence totaling more than twice that amount by sentencing Petitioner to a term of 84 months.

(Doc. 40, Motion at p.6) As above, the Fifth Circuit Court of Appeals found the sentence in this case both procedurally and substantively reasonable:

At Pennington's sentencing, the district court listened to Pennington's arguments and gave him and his counsel several opportunities to speak. The court told Pennington, "I hear what you are saying regarding the lack of resources that have been available to you." Nevertheless, the court stated that an upward variance was appropriate based on the sentencing factors listed in § 3553(a), including "the nature and circumstances of the offense," "the history and characteristics of the defendant," the need "to protect the public," and the need "to afford adequate deterrence to criminal conduct." The court thoroughly explained the factual basis for the variance, including Pennington's two prior

---

[3] Mr. Pennington has not disputed this fact either in this court or the Court of Appeals.

convictions for sex offenses, his repeated failure to register as a sex offender, and his numerous violations of probation. We find no plain error in the court's explanation of its sentence or its response to Pennington's arguments.

Pennington also objects to the substantive reasonableness of his sentence. We review Pennington's argument for abuse of discretion because he objected on that basis in the district court. *See United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013). In reviewing Pennington's sentence for substantive reasonableness, we must consider "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51; *see also United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). However, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. Moreover, "[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id*. "A sentence is unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007) (internal quotation marks and citation omitted). Pennington argues that the district court failed to account for the mitigating factors that he highlighted, and that it gave excessive weight to his criminal history.

We find Pennington's arguments unpersuasive. As noted above, the district court considered the mitigating factors that Pennington presented. The court nevertheless decided that other factors, including Pennington's criminal history, supported a significant variance. We have held that "[a] defendant's criminal history is one of the factors that a court may consider in imposing a non-Guideline[s] sentence." *United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006). "And, we have previously found it permissible for a sentencing judge to evaluate the 'nature and circumstances of the offense and the history and characteristics of the defendant' and conclude that it would deviate 'to afford adequate deterrence to criminal conduct' and 'to protect the public from further crimes of the defendant.'" *Fraga*, 704 F.3d at 440 (internal quotation marks, alterations, and citation omitted) (holding that "the district court judge did not abuse her discretion in giving significant weight to Fraga's criminal history and its characteristics"). Given the deference we owe to the sentencing court, we find no abuse of discretion in the imposition of the variance. *See United States v. McElwee*, 646 F.3d 328, 337–38 (5th Cir. 2011) (stating that a substantial deviation from the Guidelines did not constitute an abuse of discretion where it was "commensurate with the individualized, case-specific reasons provided by the district court" (internal quotation marks and citation omitted)).

*Pennington*, 606 Fed.Appx. at 224-25. Thus, the Fifth Circuit held that the sentence in this case was neither unreasonable nor unjust. This ground for relief is also without substantive merit.

*The Propriety of Imposing Condition Eight, a Prohibition
Against Dating Women with Minor Children*

Mr. Pennington's final argument, part of the cruel and unusual punishment section set forth in Ground Two of his motion, is that the imposition of Condition Eight to his supervised release was improper and constituted cruel and unusual punishment. The Fifth Circuit held that the imposition of the restriction on dating women with children was reasonable and proper under the circumstances:

> We review substantive reasonableness challenges to conditions of supervised release for abuse of discretion where, as here, the defendant objected in the district court. *United States v. Ellis*, 720 F.3d 220, 224 (5th Cir. 2013). A district court may impose any condition of supervised release "it considers to be appropriate," as long as certain requirements are met. 18 U.S.C. § 3583(d); *see also United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009). A condition of supervised release "must be related to one of four factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence to criminal conduct; (3) the need to protect the public from further crime of the defendant; and (4) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Ellis*, 720 F.3d at 225 (internal quotation marks and alterations omitted) (quoting 18 U.S.C. §§ 3583(d)(1), 3553(a)(1), (a)(2)(B) −(D)). In addition, "the condition cannot impose any 'greater deprivation of liberty than is reasonably necessary' to advance deterrence, protect the public from the defendant, and advance the defendant's correctional needs." *Weatherton*, 567 F.3d at 153 (quoting 18 U.S.C. § 3583(d)(2)). Finally, the condition must be consistent with the policy statements issued by the Sentencing Commission. 18 U.S.C. § 3583(d)(3). Condition eight, as stated in the judgment, provides:
>
> > The defendant may not date, engage in a relationship or co-habitat [sic] with an individual who has children under the age of 18 unless approved by the probation officer and third party risk issues have been identified and notification has been provided by the probation officer.
>
> Pennington challenges only the condition's provisions on "dat[ing]" and "engag[ing] in a relationship," and not its provision on "co-habit[ing]." In light of vagueness concerns, we note that the record of the sentencing hearing makes clear that the terms "date" and "relationship" are used to convey romantic involvement. The district court, in explaining condition eight, stated that it "would require you to have the conversation with probation about your intent to engage in a relationship or cohabit with a *mate* that had small children so that probation could make *your partner, your girlfriend* aware of your history and let that person have knowledge of propensity." Based on this understanding of condition eight, we now analyze Pennington's arguments that the condition is overly broad and impermissibly vague.

A. Overbreadth

Pennington argues that condition eight involves a greater deprivation of liberty than is reasonably necessary to protect the public and prevent recidivism. *See* 18 U.S.C. § 3583(d)(2). Pennington's overbreadth argument depends on a misconstruction of the condition. He argues that under condition eight, he "would have to first get approval to write a letter to someone or if he were to think about striking up a casual conversation with a person anywhere." Pennington further claims that the condition would apply to his own daughter if she decided to have a child. Pennington overlooks that the terms "date" and "relationship," as imposed by this sentencing judge, involve romantic engagement.

Understood in the context of this record, condition eight is not overly broad. "Congress has made clear that children . . . are members of the public it seeks to protect by permitting a district court to impose appropriate conditions on terms of supervised release." *United States v. Rodriguez*, 558 F.3d 408, 417 (5th Cir. 2009). Pennington's previous conviction for fondling the child of a girlfriend points to a concern about the use of romantic relationships to reach children. *See Ellis*, 720 F.3d at 226 (finding that a restriction on contact with adults who have minor children was "related to public safety" given Ellis's "proclivity to use close relationships to reach children"). In addition, condition eight is not an absolute ban, but rather a requirement to obtain permission from the probation officer. *See United States v. Tang*, 718 F.3d 475, 487 (5th Cir. 2009) ("The restriction on contact with minors . . . is not a greater deprivation than reasonably necessary as Tang can request permission to have contact with minors (or cohabitate with someone having minor children)."). Given these factors, condition eight is not broader than is reasonably necessary to protect the public and prevent recidivism. Our court has previously upheld similar conditions against overbreadth challenges. *See Rodriguez*, 558 F.3d at 411, 417–18 (upholding a condition prohibiting the defendant from "associating with any child or children under the age of eighteen, except in the presence and supervision of an adult specifically designated in writing by the probation officer"); *see also United States v. Byrd*, 551 F. App'x 726, 727 (5th Cir. 2013) (under plain error review, upholding a condition prohibiting Byrd from "entering into a relationship with anyone with minor children without approval from the probation officer"); *United States v. Cortez*, 543 F. App'x 411, 412 (5th Cir. 2013) (under plain error review, upholding a condition "conditionally restricting [Cortez] from dating or befriending anyone with children under the age of 18 who live at home").

Contrary to Pennington's argument, condition eight also is not redundant in light of condition six. While condition six limits direct unsupervised contact with children, condition eight relates to romantic relationships with parents of minor children. Although the district court's purpose for imposing both conditions—to protect children and prevent recidivism—may be the same, the two conditions achieve that purpose in different ways.

B. Vagueness

Pennington also claims that condition eight is impermissibly vague. "Restrictions on an offender's ability to interact with particular groups of people . . . must provide fair notice of the prohibited conduct." *United States v. Paul*, 274 F.3d 155, 166 (5th Cir. 2001) (internal quotation marks and citation omitted). But conditions need not be "precise to the point of pedantry." *Id.* at 167. "[C]ategorical terms can provide adequate notice of prohibited conduct when there is a commonsense understanding of what activities the categories encompass." *Id.*

Under a commonsense reading of condition eight, and in light of the district court's statements at sentencing, Pennington must obtain permission from the probation officer before cohabiting or becoming romantically involved with another person who has a child under age 18. Contrary to Pennington's argument, the condition does not apply to a "meeting with a friend" or "striking up a conversation with someone." Our court, reviewing for plain error a restriction on friendships, noted in dicta that "the term 'befriend' is vague and may have been subject to vacatur and remand to the district court for greater specificity" had the defendant objected on vagueness grounds in the district court. *Ellis*, 720 F.3d at 227 n.2. However, the requirement of romantic involvement provides sufficient specificity to put Pennington on notice of when he must notify and seek approval from his probation officer.

*Pennington*, 606 Fed.Appx. at 221-23 (footnotes omitted). The Fifth Circuit held that the imposition of Condition Eight was reasonable under the facts and circumstances of the case. This issue is also without substantive merit and procedurally barred.

*Conclusion*

In sum, the instant motion to vacate, set aside, or correct sentence will be denied on the merits and dismissed as procedurally barred. A final judgment consistent with this memorandum opinion will issue today.

SO ORDERED, this, the 5th day of March, 2019.

/s/ Sharion Aycock  
U. S. DISTRICT JUDGE